IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KURTIS JEWELL, ) <br> ) <br> on behalf of himself and all others ) <br> similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> AARON'S, INC., ) <br> ) <br> Defendant. ) | CASE NO. 1:11-cv-02314-DCN <br><br> JUDGE DONALD C. NUGENT <br><br><br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

This matter comes before the Court on the Motion of Defendant Aaron's Inc. ("Aaron's") to Transfer Venue (ECF #19). For the reasons set forth below Defendant's Motion to Transfer Venue is GRANTED.

### Factual and Procedural Background

Plaintiff Kurtis Jewell was a store level employee in Defendant's sales and lease ownership store in Mansfield, Richland County, Ohio, between approximately January 20, 2010 and May 13, 2011 (ECF #1, ¶ 14). Defendant Aaron's is a Georgia Corporation, headquartered in Atlanta, Georgia, that conducts business activities and operates stores in many cities and states nationwide (ECF #1, ¶ 6). Defendant is a lease-to-own retailer of furniture, electronics, appliances, and computers, and operates over 1,000 company-owned sales and lease ownership stores (ECF #1, ¶ 13).

On October 27, 2011, on behalf of himself and a putative nationwide class of sales and

lease ownership store associates, Plaintiff brought this "collective action" against Defendant Aaron's alleging violation of the Fair Labor Standards Act 29 U.S.C. § 201 *et seq.*, ("FLSA") (ECF #1, ¶ 1). Plaintiff asserts that Defendant failed to pay Plaintiff and other employees for meal periods during which they performed work and that, and as a result, they are owed allegedly unpaid overtime compensation under the FLSA (ECF #1, ¶¶ 30-33).

On January 4, 2012, Defendant Aaron's moved to transfer this action to the United States District Court for the Northern District of Georgia, Atlanta Division, arguing it is the proper venue for this case (ECF #19). Defendant has filed a Memorandum of Law and Facts in Support of their Motion to Transfer (ECF #19). Plaintiff has filed a Response to Defendant's Motion to Transfer (ECF #27). Defendant has filed a Reply to Plaintiff's Opposition to Defendant's Motion to Transfer (ECF #29). The Motion is now ready for decision.

## Discussion

Defendant moves to transfer venue pursuant to 28 U.S.C. § 1404(a). Even where venue is proper, a district court may exercise its broad discretion to transfer a civil action to a more convenient forum pursuant to § 1404(a). *Phelps v. McClellan,* 30 F.3d 658, 663 (6th Cir. 1994); *North Am. Demolition Co. v. FMC Corp.,* No. 5:05CV0104, 2005 WL 1126747, at *1 (N.D. Ohio Apr. 28, 2005). The decision of whether a motion to transfer venue pursuant to § 1404(a) should be granted is within the sound discretion of the trial court. *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964)); *Tyler v. Sento Corp.,* 2008 WL 4999985 at *8 (N.D.Ohio, Nov. 25, 2008) (unreported).

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In making a decision on a motion to transfer, courts examine the following factors: convenience of the parties, convenience of the witnesses and the interests of justice. *Central States Southeast & Southwest Areas Health and Welfare Fund v. Guarantee Trust Life Ins. Co.* 8 F.Supp.2d 1008, 1011 (N.D.Ohio 1998). These private and public interests of justice include the plaintiff's choice of forum, location of documents, possibility of prejudice in either forum, and the practical problems associated with trying the case expeditiously and inexpensively. *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir.1991) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) ); *see also Fryda v. Takeda Pharmaceuticals North America, Inc.* 2011 WL 1434997 at * 2 (N.D. Ohio April 14, 2011).

In balancing these factors, the Court must consider that § 1404(a) provides "for a transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Dusan v. Barrack*, 376 U.S. 612, 645-46 (1964). A plaintiff's choice of forum is generally given substantial weight. *Roberts Metals, Inc. v. Florida Properties Marketing Group, Inc.* 138 F.R.D. 89, 91-92 (N.D. Ohio 1991). The Defendant bears the burden of proof showing the transfer is appropriate. *Tyler v. Sento Corp.*, 2008 WL 4999985 at *8 (N.D.Ohio, Nov. 25, 2008) (unreported); (quoting *Central States Southeast & Southwest Areas Health and Welfare Fund v. Guarantee Trust Life Ins. Co.* at 1011).

The parties in this lawsuit disagree on the specific burden Defendant must meet for

dismissal on *forum non conveniens* grounds. Plaintiff posits that, the Defendant must show the factors weigh strongly in favor of transfer. Defendants argue that they must show by a mere preponderance-of-the-evidence that transferee forum is more convenient.

The legal framework shaping the application of the motion to transfer venue begins prior to the enactment of § 1404(a) with the Supreme Court case of *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). In *Gulf Oil*, the Supreme Court determined that the doctrine of *forum non conveniens,* is to be applied in a manner "that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Id.* at 507. After listing several "important considerations" for the district judge to balance, the Court concluded that, "unless the balance is *strongly* in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* at 508.

The Sixth Circuit subsequently considered the appropriate standard for motions to transfer venue and determined based on *Gulf Oil* and the *forum non conveniens* doctrine that such motions were to be granted if the balance of the evidentiary factors *strongly* favored the defendant. *Nicol v. Koscinski*, 188 F.2d 537, 537 (6th Cir. 1951) (quoting *Gulf Oil,* 330 U.S. at 508). However, after *Nicol* the Supreme Court held in *Norwood v. Kilpatrick*, 349 U.S. 29 (1955), that the "*forum non conveniens* doctrine is quite different from § 1404(a)." *Id.* at 31. In accord with this analysis, the Court determined that the doctrine is "subject to careful limitations." *Id.* at 31. The Court in *Norwood* instructed that § 1404(a) should be analyzed without "preconceived limitations" *Id.* at 31. The Court held further that "Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying." *Id.* at 32. Based on this new codification, the Court determined that Congress, "intended to permit courts to

grant transfers upon a lesser showing of inconvenience." *Id.* at 32. The *Norwood* Court explained that the same factors utilized in *Gulf Oil* were to remain factors to be taken under consideration when analyzing a motion to transfer venue under § 1404(a). *Id.* at 32.

Following *Norwood*, courts continue to utilize different standards for motions to transfer venue under § 1404(a). Some courts analyze a transfer motion under *Gulf Oil*, requiring a "strong showing" that on balance the factors overcome the weight given to plaintiff's choice of forum.[1] Other courts have analyzed § 1404(a) as determined by *Norwood*, to require a *lesser showing of inconvenience* for motions to transfer.[2] In *Roberts Metals, Inc. v. Florida Properties Marketing Group, Inc.*, 138 F.R.D. 89, 93 (N.D.Ohio 1991), *aff'd* 22 F.3d 1104 (Fed.Cir.1994), the Sixth Circuit affirmed district court holdings that it is erroneous to incorporate the *Gulf Oil* standard for motions to transfer and that, instead, the lesser showing of a preponderance-of-the-evidence applies. 138 F.R.D. at 93. Accordingly, the Defendant must show that the balance of the factors preponderate in favor of the transfer.

Defendant argues both private and public interests favor transfer in this case. Defendant asserts that Plaintiff has identified only himself and one putative opt-in plaintiff as the only parties likely to be inconvenienced by the transfer to the Northern District of Georgia (ECF #29, ¶ 15). Defendant claims that other store associates who might join the case reside in different states, with all but one of the eight putative opt-in plaintiffs having worked for Defendant outside of Ohio (ECF #19, ¶ 6). Defendant also asserts that the relevant documents in

---

[1] *See e.g., Hanning v. New England Mutual Life Ins. Co.*, 710 F. Supp. 213 (6th Cir. 1989); *Reese v. CNH America LLC*, 574 F.3d 315 (6th Cir. 2009).

[2] *See e.g., Fusi v. Emery Worldwide Airlines, Inc.*, 2007 WL 4207863, *4 (S.D.Ohio Nov. 23, 2007); *Int'l U.A.W. v. Aluminum Co. of America*, 875 F. Supp. 430, 433 (N.D. Ohio 1995); *Mead Corp. v. Oscar J. Boldt Constr. Co.*, 508 F. Supp 193, 197 (S.D. Ohio 1981).

this case are located in the Atlanta area and that most of the key witnesses in this case are located in the Atlanta area (ECF #19, ¶¶ 9,11). Finally, Defendant asserts that the Northern District of Ohio has no particular interest in this litigation (ECF #19, ¶¶ 30-33).

In response, Plaintiff asserts that this case should remain in the Northern District of Ohio (ECF #27). Specifically, Plaintiff argues that transferring the case at this juncture would forestall consideration of conditional certification and delay the issuance of notice to potential opt-ins (ECF #27, ¶ 7). Plaintiff also claims that the assertion by Defendant that witnesses reside in, and documents are located in, the proposed transferee district, is not sufficient to merit transfer because an electronic "point of sale system" is "used by associates at the store level to report the hours they work" (ECF #27, ¶ 19).

Turning to the analysis, the Court recognizes that the parties do not contend that the instant FLSA case "might have been brought" in the Northern District of Georgia, Atlanta Division. As a case involving a federal law, any federal district court has subject matter jurisdiction. *See* 28 U.S.C. § 1331. Venue is proper in the Northern District of Georgia because Defendant is headquartered in Atlanta. *See* 28 U.S.C. § 1391(b)-(c).

Next, the Court must determine whether the convenience of the parties and witnesses, and the interests of justice, make transfer appropriate. Looking to the convenience of the parties, Plaintiff and Plaintiff's counsel, not surprisingly, feel perfectly content in the Northern District of Ohio. Aside from Plaintiff, nearly all of the parties and witnesses involved in this action reside in and around the Northern District of Georgia. It is still a factor to be considered, but with the increased availability of videoconferencing, depositions can be taken effectively in Plaintiff's home city. The documentation of an employee's work hours are stored on the point-of-sale

system, and the remaining documents relevant to this action are located in the Northern District of Georgia. As a result of Defendant's proposed tolling agreement, the Court is not persuaded by Plaintiff's argument that transfer of venue at this juncture would forestall consideration of conditional certification and delay the issuance of notice to potential opt-ins resulting in the expiration of the statute of limitations. These factors make venue in the Northern District of Georgia appropriate in this case.

Further, public interests also favor transfer. Plaintiff's choice of forum does not tip the balance because it is not a single-plaintiff action. When the plaintiff seeks to certify a nationwide class, "deference afforded plaintiffs' chosen forum is 'considerably weakened' where the case has been brought as a class action." *See Donia v. Sears Holding. Corp.*, No. 1:07-cv-2627, 2008 WL 2323533 at *3 (N.D. Ohio, May 30, 2008). This decision may have come out the other way if it were a single plaintiff action. Even if the Court grants extensive weight to the Plaintiff's choice of forum in the Northern District of Ohio, this does not tip the balance.

Under these circumstances, transferring the case generally would not result in great hardship because, as the Supreme Court held in *Ferens v. John Deere Co.*, 494 U.S. 516 (1990), when a case is transferred under § 1404(a), the transferee forum is required to apply the law of the transferor court, regardless of who initiated the transfer. *Id.* The Court is not aware of any possibility of prejudice in either forum, and the practical problems associated with trying the case expeditiously and inexpensively are minimal.

## Conclusion

After carefully weighing the relevant factors, the Court determines that the balance weighs in favor of transferring this action to the United States District Court for the Northern

District of Georgia, Atlanta Division. Accordingly, Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a) is GRANTED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: February 21, 2012